UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| GREGORY WAYNE LEAKE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) No. 2:19-CV-82-TAV-CRW |
| JAMES HARVILLE, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. Now before the Court is Defendant Sheriff Harville's motion for summary judgment based on the assertion that he did not violate Plaintiff's constitutional rights[1] [Doc. 23]. In support thereof, Defendant Sheriff Harville filed his own declaration [Doc. 23-1 p. 1–3], Plaintiff's booking report [*Id.* at 5–6], and a sworn copy of Plaintiff's kiosk jail requests [*Id.* at 1–2, 7–21]. Plaintiff has not filed a response, and his time for doing so has passed [Doc. 25 p. 1]. Thus, Plaintiff waived any opposition to this dispositive motion [*Id.*]. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, this motion [Doc. 23] will be **GRANTED**.

---

[1] Defendant Sheriff Harville also asserts that he is entitled to summary because (1) he is entitled to qualified immunity and (2) Plaintiff did not exhaust his administrative remedies [Doc. 23 p. 1; Doc. 24 p. 5–7]. But as he has established that he is entitled to summary judgment because he did not violate Plaintiff's constitutional rights, the Court will not reach these arguments.

## I.  STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cty.*, 625 F.3d 935, 940 (6th Cir. 2010). However, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court must, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id.* In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

### A.  PLAINTIFF'S ALLEGATIONS

In his one claim proceeding herein [Doc. 13 p. 3], Plaintiff alleges that on March 31, 2019, while he was in the Grainger County Jail, Defendant Sheriff Harville came into his cell screaming for the inmates to get on the ground [Doc. 12 p. 4; Doc. 2 p. 3]. Before

2

Plaintiff could comply with this order, he was tased and thrown to the ground in a manner that caused a scratch on his back, and this scratch bled substantially [Doc. 12 p. 4].

### B. DEFENDANT'S ALLEGATIONS

On March 31, 2019, Plaintiff and others began kicking doors and "tampering with the Jail facilities," refused jail officials' orders to cease these activities, and "used vulgar or insolent language in response to the correctional officers" [Doc. 23-1 p. 2]. Accordingly, Defendant Sheriff Harville decided "it was necessary to extract the inmates from their cells and restrain them in order to restore order in the facility" and "to transfer several of the inmates to other facilities" [*Id.*]. Defendant Sheriff Harville therefore entered Plaintiff's cell and instructed the inmates therein to get on the ground so that they could be restrained [*Id.*]. Plaintiff did not immediately comply with this order, and correctional officers therefore pulled Plaintiff from his bunk and put him on the ground [*Id.*]. Plaintiff did not further resist the officers, and while Defendant Sheriff Harville had a taser ready to use on inmates that failed to comply with orders, he did not use the taser on Plaintiff, nor did he personally use any force on Plaintiff in this incident [*Id.* at 2–3].

### II. ANALYSIS

As set forth above, Defendant Sheriff Harville seeks summary judgment in his favor based on, among other things, his sworn testimony that he did not personally use any force on or tase Plaintiff during the incident underlying Plaintiff's claim proceeding herein. Plaintiff has not presented any evidence to dispute this testimony. Moreover, even accepting the allegations of Plaintiff's sworn complaint as true, *El Bey v. Roop*, 530 F.3d

407, 414 (6th Cir. 2008) (holding that a sworn complaint carries the same weight as an affidavit for purposes of summary judgment), the complaint does not allow the Court to plausibly infer that Defendant Sheriff Harville personally tased or otherwise used force on Plaintiff in this incident, or that Defendant Sheriff Harville approved or acquiesced to any use of excessive force on Plaintiff by another officer.[2] But Defendant Sheriff Harville cannot be liable under § 1983 based only on his supervisory authority or presence when another officer uses force. *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Sheehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (providing that "[a]t a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers"); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997) (providing that "[g]enerally speaking, a police officer who fails to act to prevent the use of excessive force may be held liable when (1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring") (citation omitted).

---

[2] While Plaintiff does assert that Defendant personally used force on and tased Plaintiff in his pretrial narrative statement [Doc. 22], this filing is unsworn and the Court cannot consider it for purposes of summary judgment. Fed. R. Civ. P. 56(c)(4); *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991) (providing that a court may not consider unsworn statements when ruling on a motion for summary judgment).

Thus, even making all reasonable inferences in Plaintiff's favor, Plaintiff has not come forward with proof that would allow a reasonable jury to find in his favor on his claim that Defendant Sheriff Harville violated his rights under the Eighth Amendment.

The Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Accordingly, Defendant Sheriff Harville is entitled to summary judgment.

## III. CONCLUSION

For the foregoing reasons, Defendant Sheriff Harville's motion for summary judgment [Doc. 23] will be **GRANTED** and this action will be **DISMISSED with prejudice**. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE